OPINION
Defendant-Appellant, Dennis P. Cameron ("Appellant"), brings this appeal from a judgment issued by the Hancock County Court of Common Pleas convicting him of attempted rape, ordering him to serve a prison term of three years, and classifying him as a sexually oriented offender. For the reasons set forth in the following opinion, we affirm the trial court's judgment.
In June 1999, the Hancock County Grand Jury returned an indictment against Appellant for one count of attempted rape, in violation of R.C.2923.02(A) and 2907.02(A)(2), a second-degree felony. Appellant entered a plea of not guilty. In May 2000, Appellant withdrew his plea of not guilty and offered a plea of guilty to the charge in the indictment. The plea agreement called for the Adult Probation Department to prepare a pre-sentence investigation that would include a Court Diagnostic and Treatment Center evaluation of Appellant for the purpose of determining which level of sex offender he should be classified as pursuant to R.C.2950.09. The evaluation recommended that Appellant receive a classification of sexually oriented offender, as Appellant was a low risk for future sexual offending.
In November 2000, Appellant appeared for sentencing. During sentencing, after Appellant answered questions from the court, the victim of Appellant's offense provided a statement to the court. In relevant part, she stated:
 If for any reason something can be done. If [Appellant] can get the counseling he needs, or help that he needs, then great. I mean, if that's what needs to be done, that's what I would like to see. I mean — but I do know that there's been one incident that has not been reported, and I have talked to the girl myself that [Appellant] has tried to push himself on her.
In overruling Appellant's objection to these statements, the court stated:
 I let people speak. I didn't interrupt you. I know what I can take into consideration, what I can't, obviously. I'm taking her information, considering her point of view as opposed to the factual truth of what she says.
After the victim finished her statement, Appellant was given the opportunity to make his own statement. The court then engaged in a R.C.2929.12 analysis regarding sentencing factors and imposed a three-year prison term and ordered, consistent with the prior recommendation, that Appellant be classified as a sexually oriented offender. This appeal followed.
Appellant presents the following as his only assignment of error on appeal:
 Assignment of Error
The trial court committed prejudicial error as it relied on a victim's impact statement for which the accused had no right of confrontation.
Appellant argues that he should have been afforded the opportunity to confront the victim on her statements, as her allegations of a prior incident were not part of the charged offense, nor were they made known to Appellant prior to being uttered in court. We disagree.
R.C. 2930.14(B) states, in relevant part:
 The court shall consider a victim's statement * * * along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition. If the statement includes new material facts, the court shall not rely on the new material facts unless it continues the sentencing proceeding or dispositional proceeding or takes other appropriate action to allow the defendant * * * an adequate opportunity to respond to the new material facts. Emphasis added.
However, R.C. 2930.14(B) does not require that the victim's statement be under oath or subject to cross-examination. State v. Spears (Oct. 18, 1995), Montgomery App. No. 14869, unreported.
In Spears, the Second District Court of Appeals held that, by entering his guilty plea, the defendant forfeited his right to confront and cross-examine the victim. Id. at **5. The court reasoned, in relevant part:
 The victim was merely given the same statutory right to make an unsworn statement, not subject to cross-examination, that was accorded to [defendant] by virtue of the statutory right of allocution. Both [defendant] and his victim availed themselves of their respective rights, [defendant] having had the last word in response to the statement by the victim. Id.
As such, the court held that the general assembly intended to provide the crime victim and the defendant with the same opportunity to speak.Id.
Herein, Appellant, by entering a guilty plea, forfeited his right to confront and cross-examine the victim on the allegations in her unsworn statement. The record clearly demonstrates that during the sentencing hearing, both the victim and Appellant availed themselves of their respective rights to make unsworn statements to the trial court, not subject to cross-examination, before sentence was pronounced, with Appellant having the last word in response to the statements by the victim.
There is also nothing in the record to suggest that the court relied on the factual truth of the victim's statements. Conversely, the record adequately demonstrates that the court did not rely on these extraneous statements and conducted the proper R.C. 2929.12 balancing of seriousness and recidivism factors pertinent to the transaction of events leading to Appellant's charge and subsequent guilty plea.
As a result of the foregoing, the trial court did not commit prejudicial error. Accordingly, Appellant's assignment of error is not well taken and is therefore overruled.
Having found no error prejudicial to the Appellant herein, in the particulars assigned and argued, the judgment of the trial court is hereby affirmed.
 ____________________ WALTERS, P.J.
 HADLEY and SHAW, JJ., concur.